[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE DECEMBER 8, 1995 DATE OF APPLICATION DECEMBER 8, 1995 DATE APPLICATION FILED DECEMBER 26, 1995 DATE OF DECISION FEBRUARY 25, 1997
MEMORANDUM OF DECISION
CT Page 3194
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven at New Haven.
Docket No. CR95-0408782
Shepard Sherwood, Esq., Counsel for Petitioner.
Victor Carlucci, Esq., Counsel for State of Connecticut.
The petitioner was convicted by Jury of the crime of Sale of Narcotics (Cocaine) in violation of Conn. Gen. Stat. § 21a-278 (b). The court imposed a sentence of twelve years execution suspended after serving eight years with five years probation.
The record shows that the New Haven Police were attempting to rid a neighborhood of drug and other criminal activities when the petitioner sold cocaine to an undercover officer for twenty dollars.
Counsel for the petitioner indicated to the panel that the petitioner came from a poor family background and was brought up without a father. He indicated that because of the petitioner's life history he was lacking in opportunities and settled in with friends to the wrong choices of life. Counsel admitted that the sentencing court did address all issues in imposing sentence but felt that the court did not give sufficient weight to the fact that the petitioner was a poly drug user. He also felt that he was not a "kingpin" in the drug world and only sold a small packet of drugs. Counsel felt that the sentence was too severe and asked this court to adjust it accordingly.
The attorney for the state pointed out that an earlier pre-sentence investigation report forecast that the petitioner was heading into criminal trouble. He noted that the petitioner had an extensive juvenile and adult record for such CT Page 3195 a young man. Crimes including use of a 9mm handgun, stealing cars, and violation of probation were noted in the petitioner's past. The state felt the petitioner exhibited no I remorse in committing crimes and has shown no responsibilities as a citizen. Counsel reminded the panel that the petitioner sold crack cocaine to an undercover officer and the state would have liked a harsher sentence.
In reviewing the remarks of the sentencing court we find that the judge elegantly and thoroughly discussed and considered the petitioner with all his faults and possible contributions to society. The court balanced the criminal offense and the responsibility of sentencing in accordance with Practice Book Section 942. We find the sentence appropriate. IT IS AFFIRMED.
Purtill, J.
Klaczak's, J.
Norkon, J.